## ST. LOUIS–SAN FRANCISCO RY. CO. v. BLEDSOE, County Treasurer.

(Circuit Court of Appeals, Eighth Circuit. June 22, 1925.)

No. 6789.

I. Statutes ⬤⟊77(I)—Law not special and local, if affecting all persons in like circumstances in the same manner; "special and local law."

A law is not special and local in a constitutional sense, if it affects all persons in like circumstances in the same manner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Local Law, Special Law.]

**2. Statutes ⚖═77(1) — Supposed necessity of act to avoid constitutional inhibition against local or special laws must be practical, and special situation must possess characteristics impossible of treatment by general legislation.**

The supposed necessity on which an act is based, in order to avoid the constitutional inhibition against local or special laws, must be practical and not imaginary, and the special situation such act is designed to meet must possess characteristics impossible of treatment by general legislation.

**3. Statutes ⚖═96(2)—Oklahoma statute, providing for annexation of Ft. Sill school district, held a local and special law, in violation of Constitution.**

Sess. Laws Okl. 1921, c. 57, authorizing board of education of the city of Lawton, Okl., to attach the Ft. Sill school district to the Lawton school district, *held* a local and special law, and violative of Const. Okl. art. 5, § 59, as being based on an arbitrary classification and not on any necessity.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by the St. Louis-San Francisco Railway Company against Edgar P. Bledsoe, County Treasurer of Comanche County, Okl. Judgment for defendant, and plaintiff brings error. Reversed.

J. F. Sharp, Jr., of Oklahoma City, Okl. (W. F. Evans, of St. Louis, Mo., and C. B. Stuart, M. K. Cruce, and J. F. Sharp, all of Oklahoma City, Okl., on the brief), for plaintiff in error.

E. L. Richardson, of Lawton, Okl., for defendant in error.

Before SANBORN, Circuit Judge, and POLLOCK and SYMES, District Judges.

SYMES, District Judge. The railway company, plaintiff here and below, sued the defendant, the county treasurer of Comanche county, Okl., to recover certain taxes alleged to have been illegally levied against its railroad properties in that county, and paid under protest. The action is a statutory one under the provisions of section 9971, Oklahoma Comp. Stats. 1921, providing a form of action in such cases.

The petition alleges the illegality of 31 different tax levies, but the only question urged by the railway company in this court is the alleged error of the court in the judgment entered upon the third cause of action. That cause of action, as amended, complains that a levy of 22 mills, amounting to $9,330.68, was made against the property of the railway company in Comanche county for the year 1922, for the benefit of the Lawton school district; that the tax

was wholly illegal in so far as it attempted to impose a tax upon its property located in the Ft. Sill Military Reservation, consisting of about 12 miles of railroad and side tracks, station, and other equipment. The grounds of the illegality urged are: First, that no part of the property so described was within the jurisdiction of the Lawton school district, but instead is on a reservation the property of the United States, and not subject to taxation by the state of Oklahoma, or any municipal subdivision thereof; secondly, that said tax is being levied pursuant to an act of the Legislature of Oklahoma (chapter 57, of the Session Laws of 1921) that purported to annex the Ft. Sill school district to the said Lawton school district, but that said act, being a special or local law, is unconstitutional, because certain provisions of the Constitution, to wit, section 32, art. 5, were not complied with. That section is as follows:

"Sec. 32. No special or local law shall be considered by the Legislature until notice of the intended introduction of such bill or bills shall first have been published for four consecutive weeks in some weekly newspaper published or of general circulation in the city or county affected by such law, stating in substance the contents thereof, and verified proof of such publication filed with the Secretary of State."

Plaintiff then alleges that no notice of the intended introduction of the bill was published, and that no verified proof of such publication was filed with the Secretary of State as required; further that, being such a local or special law, it violates section 46 of article 5 of the state Constitution prohibiting the passing of any local or special law "regulating the affairs of counties, cities, towns, wards, or school districts."

The case, so far as the third cause of action is concerned, was submitted on an agreed statement of facts that recite that the act in question did not comply with section 32, art. 5, supra, so it must be sustained, if at all, as a general act. The lower court decided the case adversely to plaintiff's contention, holding that the said chapter 57 of Acts 1921 was not a special or local statute within the meaning of the Constitution, that compliance with section 32, art. 5, of the Constitution was therefore not necessary, and that it was not within the prohibition of said section 46, art. 5.

We direct our attention to the second question first, as the conclusion we have reached on it is decisive on this appeal. The question presented is not a new one.

The constitutional provisions of the state of Oklahoma, supra, have been passed on by the highest court of that state several times, and we turn to these authorities for the rules of constitutional construction applicable to this case. This court also has had occasion to pass upon a similar clause in the Constitution of Minnesota, prohibiting the enactment of special laws where a general law could be made applicable. Pepin Tp. v. Sage, 129 F. 657, 64 C. C. A. 169.

So much of chapter 57, Session Laws of Oklahoma, 1921, as is material here, provides:

"Section 1. The board of education of the city of Lawton, Oklahoma, is hereby authorized, upon application of the board of county commissioners of the county of Comanche, Oklahoma, to attach the territory known as the Ft. Sill school district, to the Lawton city school district, and said attached territory shall be treated and governed in accordance with the laws of Oklahoma, relating to annexation of adjacent territory for school purposes."

It will be observed that there is nothing general in this language. It provides that, on application of the county commissioners, the board of education of the city of Lawton is authorized to attach one particular school district, to wit, that of Ft. Sill to the Lawton school district. In its very nature it can have no general application, and is of interest only to the two school districts involved. Once the powers granted by the act to the Lawton board are availed of, it becomes a dead letter. The state of Oklahoma has numerous school districts, all of which, with the exception of the two mentioned, are unaffected by, and not interested in, this specific piece of legislation; so it concerns only a very small portion of the state territorily, and a very small fraction of the total school population.

[1] The statute in question is special, because it is an exception to the general body of laws governing school districts, and in no way repeals any part of them. In every sense of the term it is "local" and "special," when compared with any statutory provisions that could be properly designated as general. Section 59 of article 5 of the Constitution of Oklahoma declares that legislation, if general, must have a uniform operation throughout the state, and prohibits special legislation where a general law could be made applicable. It is clear that it was not intended to be a general law, but was enacted to meet a special situation. But, says the defendant in error, admitting it is

local and special in form, nevertheless it is general in its effect and operation, because it applies to all school districts similarly situated within the state, and we are cited to a large number of cases holding, and properly so, that a law is not special and local in a constitutional sense if it affects all persons in like circumstances in the same manner, citing Springfield Gas & Elec. Co. v. Springfield, 292 Ill. 236, 126 N. E. 739, 18 A. L. R. 929, and Burks v. Walker, 25 Okl. 353, 109 P. 544, and a number of other cases. But defendant in error fails to point out any reason why the Ft. Sill school district, or school children residing within a military reservation, require different legislation than those living on any other government reservation, or in any other part of the state for that matter, or why a general law would not have met the situation existing at the time this one was passed. In the absence of such a showing, we are of the opinion that the classification attempted was arbitrary and not based on any necessity. As was said in Nichols v. Walter, 37 Minn. 264, 33 N. W. 800: "The Legislature cannot adopt a mere arbitrary classification, even though the law be made to operate equally upon each subject of each of the classes adopted."

[2] The supposed necessity must be practical and not imaginary, and the special situation such an act is designed to meet must possess characteristics impossible of treatment by general legislation.

The stipulation of facts discloses that the Ft. Sill Reservation is not the only military reservation within the state where children of school age are found, and, further, that there are several Indian reservations in the state subject to federal jurisdiction, upon which we may assume there are children of white blood of school age, whose educational requirements are the same, as far as we are advised. Guthrie Daily Leader v. Cameron, 3 Okl. 677, 41 P. 635, is a leading Oklahoma case on this question. The court there says, 3 Okl. 692, p. 640:

"These authorities fully establish the doctrine that a law, in order to avoid a conflict with the prohibition against special legislation, must be general in its application to a class, and all of the class within like circumstances must come within its operations. The law under consideration does not have this effect. * * * It is a law enacted for a particular purpose, and for a particular person, and does not operate alike upon all of a class. The authorities cited which hold that a law is general if

it applies to all of a class, although there is but one of the class, do not apply to a statute like the one under consideration. In those cases the Legislature did not attempt to name the beneficiary of the act, but the law was general in its terms, and it happened that there was but one of the class that came within its general provisions."

This is specially applicable to the instant case, because the act in question did name the beneficiary, and by its very language it applies to the latter alone, and excludes school districts on other government reservations, or school children residing thereon.

The case also contains a very pertinent quotation from sections 127, 128, Sutherland Statutory Construction, a part of which only we quote: "There must be a substantial distinction, having a reference to the subject-matter of the proposed legislation, between the objects or places embraced in such legislation and the objects or places excluded. The marks of distinction on which the classification is founded must be such, in the nature of things, as will, in some reasonable degree, at least, account for and justify the restriction of the legislation."

In Burks v. Walker, 25 Okl. 353, 367, 109 P. 544, the same court said (25 Okl. 549): "But, where a statute operates upon a class, the classification must not be capricious or arbitrary, and must be reasonable and pertain to some peculiarity in the subject-matter calling for the legislation. As between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be reasonably founded, and that furnishes a practical and real basis for a discrimination."

We fail to see why the educational requirements of the white school children of Ft. Sill require any different treatment from those of other government military or Indian reservations.

Other Oklahoma cases in point are Hatfield v. Garnett, 45 Okl. 438, 146 P. 24, Board of County Commissioners of Grady County v. Hammerly, 85 Okl. 53, 204 P. 445, and see the discussion of Mr. Justice Van Devanter, when a member of this court, in Pepin Township v. Sage, supra. The rule and reasoning of the above cases has been fully upheld by the highest court of Oklahoma within the past six months. See Key v. Donnell (Okl. Sup.) 231 P. 546. See, also, Dingman v. Lacy, 180 Mich. 329, 146 N. W. 871, for very good discussion.

In several of the cases we have read, the courts have taken pains to point out the evils of special legislation, and how widespread this dangerous practice became. As a result, specific prohibitions against it are now found in many of the state Constitutions that have been revised or adopted in recent years. This court should be as zealous against any and all encroachments or violations of these salutary provisions, as the highest courts of these states have shown themselves to be.

[3] We are of the opinion that the act in question violates the Constitution of the state of Oklahoma, and for that reason the judgment of the lower court should be reversed, and it is so ordered.